MULLIN HOARD & BROWN, L.L.P.
David R. Langston, SBN: 11923800
P.O. Box 2585
Lubbock, Texas 79408-2585
Telephone:  806-765-7491
Telefax:    806-765-0553
Email: drl@mhba.com
*Attorneys for Debtor, Omnicrobe Natural Solutions Inc.*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| In Re: | § § § | |
| **OMNICROBE NATURAL SOLUTIONS, INC.** | § § § § | Case No. 22-50147-RLJ-11 |
| Debtors. | § | |

### DEBTOR'S EMERGENCY MOTION FOR AUTHORITY TO OBTAIN CREDIT PURSUANT TO THE PROVISIONS OF 11 U.S.C. § 364(b)

TO THE HONORABLE ROBERT L. JONES, U.S. Bankruptcy Judge:

NOW COMES, OMNICROBE NATURAL SOLUTIONS, INC., (the "**Debtor or "Company**") the Debtor in the above-captioned case, and files this its Debtor's Emergency Motion for Authority to Obtain Credit Pursuant to the Provisions of 11 U.S.C. § 364(b) (the "Motion").  In support, Debtors would show:

### Section I.
### JURISDICTION

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and §§ 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (D), and (O).

2. The relief requested by the Debtor is proper under Section 364 of title 11 of the United State Code, 11 U.S.C. §§ 101, *et*. *seq*. (the "Bankruptcy Code").

## Section II.
## SUMMARY OF REQUESTED RELIEF

3. The Debtor is requesting that this Motion be considered by the Court on an emergency basis with limited and shortened notice to creditors and parties in interest. The Debtor seeks emergency consideration because it needs funds for the care and feeding of dairy cattle and continued operations associated with the manufacturing and preservation of microbes at its production facility in Colorado City, Texas. The production facility in Colorado City grows a product consisting of microorganisms used in livestock production as well as environmental remediation sites in the oil and gas industry. These microorganisms used in the process are produced from the dairy cattle pastured in fields which the company leases from the owners of land and need to obtain funds to pay for labor, purchase supplies to care for and maintain the livestock and preserve the products necessary for the manufacturing process and pay for parts and repair to maintain the proper operation of its machinery and equipment. Obtaining the relief sought in this Motion is critical, and time is of the essence. The treatment and processes to be financed by the credit sought in this Motion are important to the success of the reorganization. There is risk of immediate and irreparable harm to the estate unless the relief requested is granted on an expedited basis.

4. Since the Debtors do not have an operating line of credit from a traditional lender it is seeking authority to obtain alternative financing from an insider of the Debtor, Mr. Earl Bradley, who serves as the Chairman of the Board of Directors of the Company. Mr. Bradley has committed to extend a loan up to $1 million to the company. To induce Mr. Bradley to provide post-petition credit to the Debtor, it requests authority under the provisions of section 364(b) to allow such debt an administrative priority under the provisions of 11 U.S.C. section 503(b)(1).

5.    Due to the short notice to creditors and parties in interest the Debtor seeks authority to borrow only $105,000 to cover its expenses for the next 2 weeks as reflected on the attached Exhibit "A."

## Section III.
## FACTUAL BACKGROUND

6.    The Debtor filed for relief under Chapter 11 of the U.S. Bankruptcy Code on September 28, 2022.

7.    Pursuant to Section 1184 of the Bankruptcy Code, the Debtors continue to operate their business and manage their properties, affairs, and assets as debtor-in-possession.

8.    The Debtor, Omnicrobe Natural Solutions, Inc. (hereinafter referred to as "Company" or "Debtor"), was incorporated in Florida as Omnicrobe Technologies, Inc. on May 7, 2021. On August 18, 2021, the Company changed its name to Omnicrobe Natural Solutions, Inc.

9.    The Company is a technology marketing, manufacturing, and distribution company focused on commercialization of a specific organic microbe consortium. The Company was formed by Lanier M. Davenport on May 7, 2021, and at that time Mr. Davenport caused the Company to issue him 15,800,000 shares of Common Stock, no par value. In addition, in August 2021, Mr. Davenport caused the Company to issue an additional 24,000,000 shares of Common Stock to him and his affiliates, for a total of 39,800,000 subscribed shares (collectively with the original 15,800,000 shares, the "Davenport Shares")

10.    From May 7, 2021, through April 27, 2022, Mr. Davenport and others traveled throughout the country soliciting investments from Mr. Davenport's contacts. Among those solicited were investors in other businesses formed by Mr. Davenport that were failed or failing.

From May 7, 2021, through September 30, 2021, Mr. Davenport solicited and received common share subscriptions for $0.00001 per common share from certain investors in prior failed Davenport businesses, raising only $877 in capital for 87,700,000 common shares being subscribed.

11. On April 27, 2022, Mr. Davenport and the Company entered into an agreement pursuant to which Mr. Davenport's employment with the Company was terminated, he resigned as Chairman of the Board, President and in all other corporate capacities, and he and his affiliates transferred all the issued Davenport Shares to a group of preferred stockholders of the Company (the "Ownership Change").

12. Following the Ownership Change, pursuant to Actions Taken by Written Consent of the Voting Shareholders of the Company effective May 3, 2022, the shareholders elected the following Directors to serve until the next annual meeting of shareholders of the Company: Earl Bradley, III, Robert Polley, William Ashley Pace, Jerry Cooksey and Matt Truelove. Following the Director election, the new Directors appointed the following officers to serve until the next annual Board meeting: Earl Bradley, III, Chairman of the Board; Robert Polley, Chief Executive Officer; and Tom Freeman, Chief Marketing Officer, Treasurer and Secretary. In addition, the Board moved to eliminate the position of Chief Technology Officer previously held by Karen Styes and the position of Global Sales Director held by John Blalock.

13. The Company continued its efforts to build a facility in Colorado City, Texas and to produce its initial batches of microbes during the spring and summer of 2022, exhausting its operating cash in the process.

14. Beginning in May 2022, Earl Bradley, Chairman, assisted Robert Polley, CEO, in

determining methods to raise the additional capital that the Company would need to continue operations. During that investigation, Mr. Bradley noted numerous inaccurate and incomplete disclosures were provided in private placement memoranda ("PPMs") issued by the Company under the prior management. Counsel was engaged to determine a course of action to correct the inaccurate and incomplete disclosures, and it was determined that a corrected PPM would be required to allow prior preferred share subscribers to make an informed decision to affirm or revoke their prior subscription election. The revised PPM would also importantly allow additional investments to be solicited, from existing or new investors. Counsel also advised interim financing should only be obtained from insiders with adequate knowledge of the various issues, as adequate disclosure to non-insiders was determined to be excessively difficult to prepare and could make the Company liable for wrongful disclosure.

15. On May 24, 2022, Mr. Bradley advised the Board that additional funding was required to continue operations, and reported the issues noted in the prior PPMs would require significant time and resources to address. Further funding was pledged by another director that was personally unable to raise funds, which put Mr. Bradley as the largest shareholder in the position of having to inject additional funds until the new PPM was completed. The Board approved up to $5,000,000 in convertible debt be issued to insiders at a rate of 7.5%. Mr. Bradley provided $500,000 in funding on June 13, 2022, through the convertible debt offering, an additional $250,000 on July 25, 2022, and another $200,000 on September 13, 2022, for a total $950,000.

16. The revised PPM was presented to the Board of Directors on August 19, 2022 and approved for distribution.

17. On August 20, 2022, counsel representing Karen Styes and John Blalock forwarded a letter to the Company asserting her clients' rights to the common shares represented by their respective rejected common share subscriptions, as well as demanding their employment be reinstated for wrongful termination. Upon receipt of the letter, the Board suspended delivery of the PPM while the Company investigated these claims.

18. The Company's common stock ownership remains in question, and, as a result the Company has been unable to prepare adequate disclosures to solicit additional investments. Furthermore, for the same reasons, the Company has been unable to issue corrected disclosures to prior preferred share subscribers, exposing the Company to significant additional risks of litigation.

19. Unable to raise capital through the sale of its stock, and not having sufficient funds to continue operations without an infusion of funds, the Debtor has been forced to seek bankruptcy relief.

**Section IV.
REQUESTED RELIEF**

20. The Debtor intends to fund its reorganization through continued operations of the Debtor's business and additional extensions of credit from Mr. Bradley. These additional extensions of credit would convert to equity upon confirmation of a plan of reorganization. The extensions of credit by Mr. Bradley will bear interest at the rate of 7.50% per annum and are projected to be converted to common shares at the rate of 12 shares for each $1.00 of debt. All of this is subject to confirmation of the plan of reorganization.

21. The Debtor seeks to borrow $105,000 for use in its operations for the next 2 weeks based upon the budget attached hereto and incorporated herein as Exhibit "A."

## Section V.
## REQUEST FOR EMERGENCY HEARING ON SHORTENED NOTICE

22. Concurrently with the filing of this Motion, the Debtor is filing a Motion for an Emergency Hearing and to Shorten and Limit Notice of Debtor's Emergency Motion for Authority to Obtain Credit Pursuant to the Provisions of 11 U.S.C. § 364(b). The Debtors seek an emergency hearing on this Motion as well as authority to limit notice of the Motion and the emergency hearing on the Motion to the Office of the U.S. Trustee. The Debtors would show the Court that setting the hearing on this Motion with limited and shortened notice is necessary to avoid immediate and irreparable harm to the Debtor, and in support thereof would show the Court that the dairy cattle and the microbes being produced in the manufacturing process of the company must be fed, cared for, and preserved for the benefit of the estate. Therefore, requiring regular notice under the local bankruptcy rules would prevent the Debtors from having an adequate funds to maintain its operations and properly care for these assets.

23. The Debtor further requests that the Court find that adequate notice and opportunity for a hearing under the circumstances has been given to creditors and parties in interest of this Motion as well as the expedited hearing on such Motion.

WHEREFORE, PREMISES CONSIDERED, the Debtor prays that the Court consider this Motion on an emergency basis upon shortened notice to creditors and parties in interest, and request the Court set a hearing on Debtors' Emergency Motion for Authority to Obtain Credit Pursuant to the Provisions of 11 U.S.C. § 364(b) and the provisions of Bankruptcy Rule of Procedure 4001(c) as soon as practical consistent with the Court's schedule, and that after considering the merits of such Motion that the Court grant the Debtors' Motion, and enter an order as follows:

1. Finding that the creditors and parties in interest affected by the relief requested received adequate notice under the circumstances:

2. Granting the Debtor authority, pursuant to the provisions of § 364(b) to obtain $105,000 of unsecured credit, more or less, from its Chairman of the Board, Earl Bradley and allow it to sign a promissory note in the principal sum that provides for interest at the rate of 7.50% per annum and being fully due and payable on or before December 31, 2022; and

3. Granting the Debtors such other and further relief as the Court may deem necessary and proper.

Respectfully Submitted,

MULLIN HOARD & BROWN, L.L.P.
P.O. Box 2585
Lubbock, Texas 79408-2585
Telephone: (806) 765-7491
Facsimile: (806) 765-0553

 /s/ David R. Langston
David R. Langston, SBN: 11923800
***Attorneys for Debtor, Omnicrobe Natural Solutions Inc.***

**CERTIFICATE OF CONFERENCE**

I, David R. Langston, the undersigned counsel for Debtors, state that on September 28, 2022, I attempted to communicate with the Office of the U.S. Trustee in this case, but at the time of the filing of this Motion I have been unable to make contact.

 /s/ David R. Langston
David R. Langston

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Motion was sent on this the 28th of September 2022 to the following listed parties in interest by ECF Notification, U.S. Regular Mail and/or Email to the following parties:

1. Omnicrobe Natural Solutions, Inc.
   P.O. Box 51084
   Amarillo, Texas 79159
   ***Debtor***

2. Earl O. Bradley, III
   600 12th Avenue South, Unit 2005
   Nashville, TN 37203
   ***Debtor***

3. All parties receiving notice via ECF in this case.

/s/ David R. Langston
David R. Langston